UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAKHEEM JARIUS JACKSON**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 08-5085**

**KIM BRUMFIELD - WPSO**                       **SECTION "D"(3)**
**MEDICAL, ET AL**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the plaintiff, Rakheem Jarius Jackson, filed this *pro se* and *in forma pauperis* complaint against Kim Brumfield, Sergeant Monica Barber, Warden Demille Topps, and Washington Parish Sheriff Robert Crowe alleging that he was denied adequate medical care at the Washington Parish Jail. Jackson was incarcerated in the Washington Parish Jail at the time he filed this lawsuit. He notified the Court on January 15, 2009, that he has been released and he provided the Court with an address.[1]

---

[1] Rec. Doc. No. 12.

On February 5, 2009, the Court issued an order scheduling a preliminary conference by telephone for February 20, 2009.[2] In that order, the Court ordered Jackson to provide a telephone number where he could be reached for the conference. The clerk of court mailed a copy of the order to Jackson at the address he provided and the envelope has not been returned as undelivered. Jackson did not comply with the Court's order.

On February 20, 2009, the Court and counsel for the defendants were prepared and available for the scheduled preliminary conference. The Court had no means of contacting the plaintiff. The Court issued an order directing Jackson to show cause in writing why this case should not be dismissed with prejudice for his failure to prosecute and for failure to comply with the Court's prior order. The clerk of court mailed a copy of the order to Jackson and the envelope has not been returned as undelivered. Jackson did not comply with the Court's order.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a Court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the Court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2]Rec. Doc. No. 14.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As outlined above, Jackson has failed to comply with the Court's prior orders to provide a telephone number and to show cause. The mail sent to him at the address he provided has not been returned as undeliverable. Despite this, Jackson has failed to comply with the Court's orders. Due solely to his failure to do so, the Court is unable to proceed with the preliminary conference or to otherwise advance this case on the docket.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Jackson's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of March, 2009.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**